IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON CLARK ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:24-cv-00028-JPH-MJD |
| ) | |
| LONE STAR INDUSTRIES, INC. and ) | |
| TRAIL KING INDUSTRIES, INC. ) | |
| ) | |
| Defendants ) | |

## LONE STAR INDUSTRIES, INC.'S MOTION FOR LEAVE TO AMEND IT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Lone Star Industries, Inc., by counsel, requests leave to amend its Answer to Plaintiff's Amended Complaint and in support states as follows:

1. This case arises from an incident that occurred while Plaintiff was attempting to load a trailer at 3301 S. County Road 150, Greencastle, Indiana.

2. On December 18, 2023, Plaintiff filed his Complaint asserting premises liability claims against Lone Star Industries, Inc.

3. On March 19, 2024, Lone Star Industries, Inc. filed its Answer to the Amended Complaint.

4. Since filing its Answer, Lone Star Industries, Inc. has investigated Plaintiff's claims and conducted discovery. Lone Star Industries, Inc. has learned that Plaintiff was employed and received all of his training (relative to this incident) by Sagamore/Smyrna Ready Mix Concrete, LLC ("Sagamore/Smyrna"). It has also learned that the subject trailer had been modified after it left co-Defendant's Trail King's possession and control in material ways that likely impacted the manner in which the subject incident occurred. Sagamore/Smyrna had control over the modified

trailer and Lone Star believes its actions caused or contributed to the subject incident and Plaintiff's alleged injuries. Lone Star did not possess this information when it filed its Answer in the above-captioned matter. Lone Star also believes that the training or lack thereof that Plaintiff received by Sagamore/Smyrna may have caused or contributed to this incident.

5. The Indiana Code allows for parties to amend their Answer to assert a non-party defense when the party learns of facts giving rise to the defense after filing an answer:

> A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness...

Ind. Code § 34-51-2-16.

6. A party may amend its pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires. *Id.*

7. Lone Star Industries, Inc. seeks leave to amend its Answer to the Amended Complaint to name Sagamore/Smyrna as a non-party pursuant to Indiana's Comparative Fault Act based on newly discovered information. Lone Star Industries, Inc.'s proposed Amended Answer is attached hereto as <u>Exhibit A</u>.

8. Justice requires that Lone Star Industries, Inc. be permitted to amend its Answer to name Sagamore/Smyrna as a non-party in this action. The failure to permit the same would potentially require Lone Star Industries, Inc. to bear fault for actions of Sagamore/Smyrna, the trainer of Plaintiff and the owner of the subject trailer and Plaintiff's employer, relating to the subject incident.

9. Lone Star Industries, Inc. did not have sufficient information to form a good faith basis to assert a non-party defense under the Indiana Comparative Fault Act until it received factual information pertaining to the modification of the subject trailer at the time of the incident and how the subject incident occurred, including Plaintiff's discovery answers.

10. This amendment is being sought in the early stages of discovery after only written discovery has been exchanged. No depositions have been taken and no parties will be prejudiced by this amendment.

11. The undersigned contacted opposing counsel regarding this Motion and was advised that Plaintiff's objects.

WHEREFORE, Defendant, Lone Star Industries, Inc., by counsel, requests leave to amend its Answer to the Amended Complaint and for all other appropriate relief.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By: */s/ Michael Wroblewski*
Michael Wroblewski, Atty. No. 25884-64
*Attorneys for Defendant, Lone Star Industries, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned filed and served the foregoing electronically through the Court's CM/ECF system, on the following on this 5th day of August 2024:

Thomas Todd Reynolds
THOMAS TODD REYNOLDS LAW, LLC
450 E. 96th St., Suite 500
Indianapolis, IN 46240
treynolds@thomastoddreynoldslaw.com
*Attorneys for Plaintiff*

Robert A. Carson
GOULD & RATNER LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
rcarson@gouldratner.com
*Attorneys for Trail King Industries, Inc. a/k/a Trail King and d/b/a Trail King*

Blake N. Shelby
Evan R. Rutter
FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
bshelby@fbtlaw.com
erutter@fbtlaw.com
*Attorneys for Trail King Industries, Inc. a/k/a Trail King and d/b/a Trail King*

Michael W. Phelps
HANKEY MARKS & CRIDER
429 E. Vermont St, Suite 200
Indianapolis, IN 46202
mphelps@hankeylaw.com
*Attorneys for Plaintiff*

                                      */s/ Michael Wroblewski*
                                      Michael Wroblewski

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mwroblewski@k-glaw.com